COLUMBIA CHIROPRACTIC GROUP, INC.[1] *vs.* TRUST INSURANCE
COMPANY.

Suffolk. May 7, 1999. - July 8, 1999.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, MARSHALL, & IRELAND, JJ.

*Consumer Protection Act,* Insurance, Unfair or deceptive act, Damages, At-
torney's fees. *Administrative Law,* Primary jurisdiction. *Jurisdiction,*
Primary jurisdiction. *Insurance,* Motor vehicle insurance.

A claim brought by an insurer against a health services provider for violation
of G. L. c. 93A, based on underlying violations of the regulations of the
Board of Registration of Chiropractors, was properly brought in Superior
Court, and there was no merit to the provider's assertion that the doctrine
of primary jurisdiction required the claim be submitted in the first instance
to the board. [61-63]

In a counterclaim brought under G. L. c. 93A, in which the judge concluded
that a health services provider had committed unfair or deceptive acts or
practices in submitting unreasonable or unnecessary medical bills to an
insurer, the judge properly concluded that the provider's attempt through
litigation to collect the amount of the inappropriate bills caused the insurer
to incur compensable litigation expenses recoverable under G. L. c. 93A.
[63-64]

Where an insurer was unable to determine the reasonableness of medical bills
submitted by a health services provider for personal injury protection
benefits and therefore could not reasonably comply with the provisions of
G. L. c. 90, § 34M, nothing in that statute created a forfeiture or waiver of
the insurer's right to challenge the reasonableness of the bills. [64-65]

CIVIL ACTION commenced in the Superior Court Department on
April 11, 1996.

The case was tried before *Charles F. Barrett,* J.

The Supreme Judicial Court granted an application for direct
appellate review.

*Vincent L. DiCianni (Carlene A. Pennell* with him) for the
plaintiff.

*John D. Boyle (A. Peter Leary* with him) for the defendant.

WILKINS, C.J. The plaintiff Columbia Chiropractic Group, Inc.

---

[1]Doing business as Adams, Broadway and Columbia Chiropractic Group.

(Columbia), commenced this action against Trust Insurance Company (Trust) to collect amounts that Columbia alleged were due to it for medical services provided to insureds covered under motor vehicle insurance policies issued by Trust who sustained personal injuries in motor vehicle accidents. Trust asserted by counterclaim that Columbia had engaged in unfair and deceptive billing practices in violation of G. L. c. 93A, §§ 2 and 11, in submitting the bills for medical services that were the subject of Columbia's complaint. Trust alleged that Columbia provided excessive treatment and issued excessive bills, thereby allowing some insureds to incur chiropractic bills in excess of the tort threshold of G. L. c. 231, § 6D.

The case was tried to a jury, with the judge reserving G. L. c. 93A claims for his decision. In a special verdict, the jury answered that Trust neither failed to pay medical bills for reasonable and necessary treatment nor committed unfair acts or practices in its handling of the medical bills submitted by Columbia. On the other hand, the jury found that Columbia had committed "unfair or deceptive acts or practices in submitting unreasonable or unnecessary medical bills to [Trust]." The jury further concluded, however, that Trust had sustained no damages as a result of Columbia's unfair or deceptive acts or practices.

In deciding Trust's counterclaim founded on G. L. c. 93A, the judge rejected the jury's conclusion that Trust had sustained no damages as a result of Columbia's violation of G. L. c. 93A and awarded Trust both its costs "for experts used in this litigation to refute [Columbia's] claims" and the fees and expenses of counsel in this case. He accepted the jury's advisory opinion that the conduct of Columbia "in presenting and litigating unreasonable or unnecessary bills in violation of G. L. c. 93A was willful or knowing." He, therefore, doubled the total of the expense of experts and the fees and expenses of counsel. Columbia appealed, and we granted its application for direct appellate review. We affirm the judgment.

1. Columbia argues, for the first time on appeal, that Trust's G. L. c. 93A claim should be dismissed pursuant to the doctrine of primary jurisdiction. Columbia asserts that Trust's claim alleges violations of regulations of the Board of Registration of Chiropractors (board) and that the board should, in the first instance, deal with such allegations. We disagree. This is not a case in which the proper allocation of responsibilities between

the courts and an administrative agency calls for judicial forbearance until agency action has occurred.[2] See *Murphy* v. *Administrator of the Div. of Personnel Admin.*, 377 Mass. 217, 221 (1979).

The doctrine of primary jurisdiction applies to regulatory matters specifically entrusted to a particular agency and to matters involving technical questions of fact uniquely within agency expertise and experience. See *Casey* v. *Massachusetts Elec. Co.*, 392 Mass. 876, 879 (1984); *Murphy* v. *Administrator of the Div. of Personnel Admin.*, *supra* at 221. If an agency has the regulatory power to afford a plaintiff relief, exhaustion of the possibility of remedial agency action should ordinarily precede independent action in the courts. See *Nelson* v. *Blue Shield of Mass., Inc.*, 377 Mass. 746, 752 (1979). Primary jurisdiction is, however, a doctrine exercised in the discretion of the court. See *Leahy* v. *Local 1526, Am. Fed'n of State, County, & Mun. Employees*, 399 Mass. 341, 349-350 (1987).

The claim that a G. L. c. 93A violation cannot be advanced directly in a court of law based on a violation of a regulatory agency's regulations lacks merit. Columbia makes no attempt to explain how the board could grant Trust relief under G. L. c. 93A or otherwise. The board has no authority to award G. L. c. 93A damages, and the question of G. L. c. 93A relief has not been committed to it. See G. L. c. 112, § 61. The board has, moreover, no jurisdiction over Columbia, which is not a licensed chiropractor. The question whether Columbia submitted unreasonable bills to Trust, based on the furnishing of unneeded chiropractic services or an overcharging for such services, is not a complicated issue calling for agency expertise. See *Vieira* v. *Schupp*, 383 Mass. 739, 743 (1981) (reasonableness and necessity of medical bills appropriately for trier of fact); *Victum* v. *Martin*, 367 Mass. 404, 410 (1975) (same). See also *Fishman* v. *Brooks*, 396 Mass. 643, 649-650 (1986) (question whether disciplinary rule was violated within province of jury). We see no merit in Columbia's belated assertion that Trust may not press its claim of unfair or deceptive acts or practices based on

---

[2]We shall assume that the doctrine of primary jurisdiction may be invoked for the first time on appeal, as is the case in the Federal courts. See *Distrigas of Mass. Corp.* v. *Boston Gas Co.*, 693 F.2d 1113, 1117 (1st Cir. 1982). Unlike subject matter jurisdiction, which is a prerequisite to the proper involvement of a court, the doctrine of primary jurisdiction involves self-imposed judicial restraint and the exercise of judicial discretion. See *Leahy* v. *Local 1526, Am. Fed'n of State, County, & Mun. Employees*, 399 Mass. 341, 349-350 (1987).

the very facts that are in dispute in the claims that Columbia asserts against Trust. All claims arising out of the same facts should be heard, where possible, in the same proceeding. See Mass. R. Civ. P. 13 (a), as amended, 423 Mass. 1405 (1996).

2. The judge properly allowed Trust to recover its counsel fees and expenses and expert witness expenses in this case as damages in its G. L. c. 93A counterclaim against Columbia. The judge was not bound by the jury's advisory special verdict that Columbia's G. L. c. 93A violation caused Trust no damages. See *Linkage Corp.* v. *Trustees of Boston Univ.*, 425 Mass. 1, 22 n.31, cert. denied, 522 U.S. 1015 (1997), and cases cited. He concluded that the advisory verdict was not well founded and, therefore, allowed Trust the cost of defending against Columbia's unwarranted claims.

Columbia does not challenge the judge's finding that its G. L. c. 93A violations were wilful and knowing, a precondition to doubling any damages found. G. L.· c. 93A, § 11. Columbia does, however, challenge the lawfulness of granting Trust damages based on its litigation expenses incurred in defending Columbia's action. It argues that there simply were no G. L. c. 93A, § 11, damages to double and, in such a case, a plaintiff is not entitled to attorney's fees, as damages or otherwise. See *Jet Line Servs., Inc.* v. *American Employers Ins. Co.*, 404 Mass. 706, 718 (1989).

The judge accepted the jury's finding that Columbia "committed unfair or deceptive acts or practices in submitting unreasonable or unnecessary medical bills to" Trust. It follows that the judge could properly conclude that Columbia's attempt to collect the amount of those inappropriate bills was an unfair act or practice. Columbia's conduct caused Trust to incur compensable litigation expenses in defense of the claim. See *International Fidelity Ins. Co.* v. *Wilson*, 387 Mass. 841, 850 (1983). If a violation of G. L. c. 93A, § 11, forces another to incur attorney's fees, those fees are a loss of money or property and may be recovered as G. L. c. 93A damages. See *Jet Line Servs., Inc.* v. *American Employers Ins. Co.*, *supra* at 718. Because Trust's litigation expenses were actual damages (a "loss of money") caused by the G. L. c. 93A violation, those expenses were recoverable, and, because Columbia's violation was wilful and knowing, the judge was warranted in doubling them. See G. L. c. 93A, § 11.

Trust's allegation that Columbia had no right to recover on

its claim was based on the same facts that Trust relied on asserting its G. L. c. 93A claim. There was no need, therefore, to apportion Trust's counsel fees between the two claims. See *Wasserman* v. *Agnastopoulos*, 22 Mass. App. Ct. 672, 682 (1986).

3. Columbia asserts that G. L. c. 90, § 34M, required Trust to pay Columbia's claims "within ten days or give written notice of its intent not to make such payments, specifying reasons for said nonpayment."[3] Trust did not pay any disputed claim or send a letter within ten days of its receipt of any disputed Columbia bill. Trust claims that it had the right to refuse to pay any bill unreasonable in amount or for unnecessary services.

An insurer is required to pay "[p]ersonal injury protection benefits" only for "reasonable expenses . . . for necessary medical . . . services." G. L. c. 90, § 34A. Section 34M, fourth par., accordingly provides generally that insurance benefits are due "upon receipt of reasonable proof of the fact and amount of expenses and loss incurred." The ten-day requirement of § 34M, fourth par., however, provides an exception for the payment of medical bills "upon notification of disability from a licensed physician."

Statutory purposes would not be served generally if an insurer were obliged to pay for unreasonable medical expenses. See *Creswell* v. *Medical W. Community Health Plan, Inc.*, 419 Mass. 327, 328 (1995). If an insurer needs time to investigate the reasonableness of a bill for services covered by insurance,

---

[3]The relevant language, which appears in the fourth paragraph of G. L. c. 90, § 34M, reads as follows:

"Personal injury protection benefits and benefits due from an insurer assigned shall be due and payable as loss accrues, upon receipt of reasonable proof of the fact and amount of expenses and loss incurred provided that upon notification of disability from a licensed physician, the insurer shall commence medical payments within ten days or give written notice of its intent not to make such payments, specifying reasons for said nonpayment, but an insurer may agree to a lump sum discharging all future liability for such benefits on its own behalf and on behalf of the insured. . . . In any case where benefits due and payable remain unpaid for more than thirty days, any unpaid party shall be deemed a party to a contract with the insurer responsible for payment and shall therefore have a right to commence an action in contract for payment of amounts therein determined to be due in accordance with the provisions of this chapter."

§ 34M generally gives it the right to conduct that investigation. See *Brito* v. *Liberty Mut. Ins. Co.*, 44 Mass. App. Ct. 34, 37 (1997). On the other hand, the Legislature requires prompt payment or rejection of bills from licensed physicians. If an insurer unreasonably neither pays a physician's bill nor sends a notice within ten days of its intention not to pay it, the insurer itself may violate G. L. c. 93A, as the judge told the jury.

The statute is silent, however, on the treatment of a situation in which the insurer is unable to determine within ten days whether it should pay a physician's bill. Nothing in G. L. c. 90, § 34M, states that, if an insurer fails to send a ten-day notice, it waives its right to challenge the reasonableness of a medical bill. We decline to infer some sort of forfeiture or waiver from the applicable statute. See *Massachusetts Hosp. Ass'n, Inc.* v. *Department of Pub. Welfare*, 419 Mass. 644, 651 (1995). There will unavoidably be situations in which an insurer cannot reasonably decide within ten days whether it should pay a physician's bill in whole or in part or decline to pay it. Surely, if the trier of fact has found, as here, that (1) the insurer did not fail to pay medical bills for reasonable and necessary treatment, (2) the insurer did not commit unfair acts or practices in responding to the claimant's bills, and (3) the claimant, on the other hand, committed unfair or deceptive acts or practices in submitting "unreasonable or unnecessary medical bills" and did so wilfully and knowingly, the claimant has no right to payment of its bills just because the insurer did not advise the claimant of its intentions within ten days. The judge correctly told the jury that failure to act within ten days does not make a claim automatically due.[4]

*Judgments affirmed.*

Justice Fried participated in the deliberation on this case, but resigned before the opinion was issued.

---

[4]Columbia does not challenge any of the judge's jury instructions. The evidence did not warrant a directed verdict in its favor on Trust's counterclaim. Issues raised in a reply brief come too late.