Murphy, J.

INTRODUCTION

The plaintiff, Patrick W. Bailey (“Bailey”), brought this action alleging breach of contract, violation of G.L.c. 90, §34M, G.L.c. 93A and G.L.c. 176D against Metropolitan Property & Casualty Insurance Company (“Metropolitan”) stemming from allegations that Metropolitan failed fully to pay Bailey’s claims under the Personal Injury Protection (“PIP”) portion of his automobile insurance policy. This matter was tried before the Court on Tuesday, April 23, without jury, upon removal from District Court. For the reasons set forth below, judgment is to be entered for the plaintiff.

FINDINGS OF FACT

On Friday, August 28, 1998, Bailey was involved in a motor vehicle accident while returning home from work. Bailey’s car was struck in the rear while stopped at a stop sign located at the corner of Belmont and Plantation Streets in Worcester. Bailey, who had a history of back problems, sustained soft tissue injuries to his neck, back and right wrist as a result of this accident.
Bailey began a routine treatment regimen for his injuries from his personal physician, Dr. Roger Moore, on the following Monday, August 31, 1998, which lasted until November 12, 1998, when he was discharged from the doctor’s care. Dr. Moore’s charges for services rendered during this period totaled $805. As part of his treatment, Bailey also received attention at Worcester Physical Therapy Services, Inc. from September 25, 1998 through November 4, 1998. Bailey incurred total medical expenses to this point in the amount of $1,401.00.
On December 9, 1998, Bailey consulted with Dr. Stjepan Kereshi, a neurologist. Bailey filéd for insur *704 anee benefits to pay his medical bills under the PIP provisions of his automobile insurance policy with Metropolitan on December 22, 1998. Metropolitan began its claim investigation, part of which consisted of an independent medical examination conducted by Dr. Giles Floyd on January 13, 1999. Despite finding that Bailey continued to report subjective symptoms, Dr. Floyd concluded that he had reached a medical end result. Armed with this information, Metropolitan informed Bailey it would not honor any bills for treatment rendered after January 28, 1999.
The Court finds on the basis of the lapse in treatment after November 12, 1998, coupled with Dr. Floyd’s report, that Metropolitan has demonstrated by a preponderance of the evidence that any treatment after January 28, 1999 was neither reasonable nor necessary.
However, Bailey began treating with Dr. Moore again on January 28, 1999. Dr. Moore submitted abill for $100 for service rendered on this date. Bailey continued to treat with Dr. Moore through March 2, 1999. Additionally, Bailey received treatment from Worcester Physical Therapy from February 2, 1999 through March 8, 1999, had an additional consultation with Dr. Kereshi during that period as well as two visits with Dr. Vincent Guistolisi, an orthopedist. Bailey’s last visit with Dr. Guistolisi occurred on May 14, 1999. Bailey alleges this is the last treatment attributable to the August 1998 accident. The medical bills associated with the treatment course after January 28, 1999 were $1,699 for a total of $3,100 in medical expenses that Bailey asserts arose from the August 28, 1998 accident.
To date Metropolitan has paid $581 in PIP benefits, primarily to Worcester Physical Therapy and Dr. Kereshi for services rendered prior to January 28, 1999. Metropolitan refused to pay Dr. Moore’s bills for services provided between August and November 1998 because Dr. Moore did not provide bills with so-called CTP and/or ICD medical billing codes essential for insurance reimbursement. Metropolitan contends that the requirement to provide bills accompanied by such codes falls within Bailey’s contractual duty to cooperate with Metropolitan’s claims process.
Coincidentally, Bailey brought an action against the driver of the vehicle that struck him from behind. That case concluded by an arbitration where Bailey was awarded $9,500.
Additionally, Bailey sought to enforce his contract with Metropolitan for the disputed PIP payments in East Brookfield District Court. That Court (Locke, J.) found for Metropolitan after which Bailey removed the action to Superior Court pursuant to G.L.c. 231, §104.

RULINGS OF LAW

I.

Under G.L.c. 90, §34A, PIP payments are defined as “payments ... of all reasonable expenses ... for necessary medical, surgical, x-ray and dental services ...” An insurer has no obligation to pay unreasonable or unnecessary charges for any of these services. Columbia Chiropractic Group, Inc. v. Trust Insurance Co., 430 Mass. 60, 64 (1999). Insurers are entitled to investigate whether the bills submitted are reasonable. Id. at 64-65. Additionally, insurers can investigate instances of doubtful liability by requiring the claimant to undergo an independent medical examination. Brito v. Liberty Mutual Insurance Co., 44 Mass.App.Ct. 34, 37 (1999). A claimant who refuses to undergo an independent medical examination fails to fulfil a condition precedent to recovery under an insurance policy and materially breaches the contract embodied in that policy. Mello v. Hingham Mutual Fire Insurance Co., 421 Mass. 331, 337 (1995).
However, not every request made by an insurer in the course of its investigation rises to the level of a condition precedent to enforcement of the contract. In matters such as untimely notice, consent to settlement agreements and, under certain circumstances, where the insured’s duty to cooperate is implicated, an insurance company must demonstrate that it has been prejudiced by a claimant’s failure to comply strictly with the terms of the contract. Darcy v. Hartford Insurance Co., 407 Mass. 481, 489-90 (1990). The burden is on the insurance company to show that the alleged prejudice is actual, material and specific by describing the exact manner in which its interests have been prejudiced. Employers’ Liability Assurance Co., Ltd. v. Hoechst Celanese Corp., 43 Mass.App.Ct. 465, 476 (1997).

II.

Because the Court finds as a factual matter that Bailey was fully recovered from the accident on January 28, 1999 and that all subsequent treatment was unnecessary and unreasonable, Metropolitan is not obligated to pay PIP benefits for services rendered after that date. However, the Court cannot reach a similar conclusion concerning the disputed bills for Dr. Moore’s treatment prior to January 28, 1999.
Bailey’s failure to oversee Dr. Moore’s provision to Metropolitan of appropriate CTP or ICD codes does not rise to the level of a condition precedent to the enforcement of an insurance contract. Conditions precedent in the insurance context include failure to submit to an examination under oath as well as refusal to participate in an independent medical examination. A claimant’s refusal to perform these tasks allows the insurance company to avoid the contract without showing that it was prejudiced. This ability to avoid contractual obligations springs in part from the terms of the contracts which explicitly state that an insured must attend independent medical examinations. In part they originate in judicial interpretation of statutory obligations as in Mello’s finding that an examination under oath is a condition precedent to enforcement of an insurance contract. However, they *705 are not defined by insurance companies or claimants seeking to protect their own interests. See Darcy, 407 Mass. at 490.
Looking at those items that rise to the level of conditions precedent, the Court concludes that they are designed primarily to protect the integrity of the claims process, particularly as it hovers on the brink of an actual justiciable controversy. Examinations under oath and independent medical examinations ensure all parties, and deliberative bodies as well, that they will have a shared factual record upon which the claim or dispute can proceed. Typically, these devices interpose an individual with professional obligations beyond their primary duty to either the insured or the company. This professional intervention provides the factual findings, as far as possible under these circumstances, with enhanced reliability. Additionally, such conditions serve formal functions by putting each party on notice of a potential controversy and impressing them with the facts that their representations may have serious consequences. None of these concerns are implicated by Dr. Moore’s failure to provide medical bills coded in the manner Metropolitan desired. A doctor’s application of CTP codes is merely his or her shorthand interpretation of the treatment detailed in the patient’s medical records. Both the coding protocols and Dr. Moore’s extensive and detailed treatment notes provide a means of establishing a shared factual record that can be used to assess the appropriateness and reasonableness of Dr. Moore’s treatment and charges. Additionally, because medical coding itself is often subjective and subject to intense controversy between the claimant’s doctor and the insurance company’s medical auditors, it does not carry the enhanced reliability or notice components of conditions precedent. Therefore, the Court concludes that the contract remains enforceable despite Dr. Moore’s failure to present all the materials Metropolitan requested.
The Court hastens to underscore, however, that none of the above analysis should be construed as somehow denigrating the usefulness of medical coding and the benefits it brings to the types of determinations that must be made in the claims process or bodies resolving disputes between claimants and insurance companies. Metropolitan can still prevail on its position that failure to provide CIT or ICD codes should result in a denial of Bailey’s PIP benefits if it can show that this failure led to actual, material and specific prejudice to its position. The Court concludes only that Metropolitan has not met its burden to show prejudice with the required specificity and materiality on the facts of this case.
Metropolitan rests on its entirely conclusoiy claim that the codes were necessary to Metropolitan’s investigation and that their absence constituted a breach of Bailey’s duty to cooperate with that investigation. In order to prevail, Metropolitan is required to explain why or how the missing codes were vital to its assessment of the reasonableness and necessity of the treatment Dr. Moore provided. Additionally, Metropolitan must demonstrate that the missing codes could lead to actual damage in the context of Bailey’s claim. Metropolitan could have shown this if, for example, it demonstrated that some of Dr. Moore’s treatment notes allowed for more than one coding. In those circumstances, specific and material prejudice might be shown because Metropolitan would not have been able to effectively respond to Bailey because it could not assess what Bailey was actually claiming. However, absent any such showing, Metropolitan has failed to demonstrate that it suffered sufficient prejudice to relieve it of its contractual obligation to pay PIP benefits for Dr. Moore’s treatment based on the failure to present properly coded bills.

III.

Metropolitan argues that the issues surrounding its denial of Bailey’s PIP benefits is essentially moot because it is entitled to an offset from the arbitration award for any damages it paid under the PIP provisions of the contract. The mere fact that Bailey later received damages in excess of the amounts paid under PIP does not mean he was not entitled to pursue his remedies once those benefits were denied. The logical endpoint of Metropolitan’s reasoning is that every denied PIP claimant would be required to exhaust all other possible remedies before he or she would even know whether they could pursue recovery under the PIP policy provision. This reasoning militates against the Legislature’s intent in enacting a no-fault coverage scheme. The PIP provisions are designed to make swift and timely payments to those injured in automobile accidents. See Creswell v. Medical West Community Health Plan, Inc., 419 Mass. 327, 328 (1995). Payments made after all other avenues of relief are exhausted are neither swift nor timely. Had Metropolitan paid all that Bailey sought under his PIP coverage, it would be entitled to full reimbursement out of the bodily injury award. Similarly, it need not pay any of Dr. Moore’s bills between August 31, 1998 and January 28, 1999 because Bailey has already received everything he was due for this loss.
However, because Metropolitan failed to pay Bailey the reasonable and necessary medical treatment he was due under the policy, Bailey makes out a successful case for a breach of contract based on a violation of G.L.c. 90, §34M. Therefore, Bailey’s attorney is entitled to reasonable attorneys fees and costs. In the context of this case, the Court finds that those fees and costs total $3,500.

IV.

Finally, Bailey contends that Metropolitan violated G.L.c. 93A and G.L.c. 176D by failing to respond to a 93A demand letter with a reasonable compromise settlement in the form written Tender of Settlement. The record indicates that Bailey sent Metropolitan a *706 93A demand letter on July 12, 1999. Metropolitan responded to the demand with a letter dated July 26, 1999. Metropolitan’s letter explained why it believed it had paid Bailey all the PIP benefits to which he was entitled. Metropolitan took a position consistent with its position throughout this and earlier litigation. It did not offer Bailey any more money by way of compromise.
Whether insurance company actions constitute an unfair claims settlement practice in violation of G.L.c. 93A and G.L.c. 176D is a fact specific determination ordinarily left to the trier of fact. Doe v. Liberty Mutual Insurance Co., 423 Mass. 366, 371 (1996). There is no evidence on the record that demonstrates that Metropolitan’s position was taken in bad faith or constituted an unfair claims practice. The record demonstrates that the parties had a good faith dispute over Metropolitan’s liability and the extent of Bailey’s duty to cooperate. Therefore, Bailey cannot succeed on these claims for relief.

JUDGMENT OF THE COURT

For the foregoing reasons, it is hereby ORDERED that judgment enter for the plaintiff Patrick W. Bailey in the amount of $805 for violation of G.L.c. 90, §34M and for the defendant Metropolitan Property & Casualty Insurance Co. on all other counts. It is further ORDERED that Metropolitan need not actually pay plaintiff any of the $805 since it is entitled to an offset of those funds from the proceeds of plaintiffs bodily injury arbitration award. It is further ORDERED that Metropolitan Property and Casualty Insurance Co. pay reasonable attorneys fees and costs in the amount of $3,500 to Bailey’s attorney of record in this matter within thirty (30) days of the entry of Judgment.