Pierce, J.
The plaintiff, Michael H. Kaplan (“Kaplan”), appeals the allowance of summary judgment in favor of the defendant, Pilgrim Insurance Company (“Pilgrim”). The issue presented is whether a claimant for personal injury protection (“PIP”) benefits waives his right to contest the timeliness of a request for an examination under oath (“EUO”) by attending the examination. We conclude that by appearing for the EUO, the claimant did not waive his right to contest the reasonableness of the request. Accordingly, we vacate the grant of summary judgment and return the case for trial.
On June 9, 2003, defendant Pilgrim received notice that Carlos Fonseca (“Fonseca”) had been injured in an automobile accident. The accident allegedly occurred on June 6,2003 while Fonseca was a passenger in an automobile owned by Pilgrim’s insured. Pilgrim received an application for PIP benefits from Fonseca, dated July 24,2003. On September 11,2003, Pilgrim received correspondence from Attorney Philip Doherty (“Doherty”) that stated that he had been retained by Fonseca in connection with the claim. Thereafter, Pilgrim received medical bills and treatment records indicating that Fonseca had received chiropractic services from Kaplan. The services were rendered from July 2, 2003 through December 3, 2003, and the total fee was $2,605.00. Pilgrim, in turn, retained Attorney John O’Leary (“O’Leary”) to investigate the claim. On January 8, 2004, O’Leary sent notice to Doherty for Fonseca to appear for an EUO on January 26, 2004.
Fonseca appeared for the EUO on January 26 with Attorney Doherty. The examination commenced at 11:05 AM. During preliminary questioning of Fonseca, Doherty announced: “By the way, we have until one o’clock and I’m going to leave. If you need to continue [the EUO] on another day we can do so, but I have appointments this afternoon that I intend to make.” At one o’clock, Doherty said: “I know you’re not done.” The attorneys then went off the record for a discussion, after which O’Leary said:
If s one o’clock. We just had a conversation with counsel and by agreement at this point we’re going to suspend the examination of Mr. Fonseca since ifs apparent that this examination will not likely be completed in the next 15 or 20 minutes, and I don’t want to make counsel late for another appointment. So, at this point we’re going to suspend the examination *14 under oath of Carlos Fonseca. Counsel and I will have a conversation and pick another date to resume this examination under oath and Pilgrim Insurance Company reserves all rights, defenses and privileges under the subject policy of insurance.
The agreed-upon date to resume the EUO was February 19, 2004. On February 18, Doherty contacted O’Leary’s office to say that Fonseca did not have sufficient funds to get from Boston to O’Leary’s office in Wellesley. Doherty asked that the EUO be rescheduled and that while he would likely not appear with Fonseca at the continued examination, he would notify Fonseca and remind him of his continuing duty to appear and to complete the EUO. On February 20, 2004, O’Leary wrote to Doherty scheduling the continued EUO for March 15, 2004. Neither Fonseca nor Doherty appeared on March 15. On November 4,2004, O’Leary’s law partner, Adam Brand, wrote to Doherty advising him that Pilgrim had denied liability. The letter referred, among other reasons, to Fonseca’s failure to appear on March 15.
On June 23, 2010, Kaplan brought this action against Pilgrim in the Lawrence District Court, alleging violations of G.L.c. 90, §34M, G.L.c. 93A, and G.L.c. 93, §12. On May 2, 2011, Pilgrim moved for summary judgment on the ground that Fonseca had failed to cooperate as required by the terms of the insurance policy by not completing the EUO.[1] Kaplan responded that Fonseca had no obligation to attend the EUO because Pilgrim failed to request it within a reasonable time. On July 7, 2011, Pilgrim’s summary judgment motion was allowed. The trial court ruled that there were no facts in dispute as to Fonseca’s failure to cooperate, but did not address whether the request for an EUO had been made within a reasonable time.
On this appeal, Kaplan repeats his argument that “[a] PIP claimant has no obligation to attend an EUO unless the insurer has, in fact, requested it ‘within a reasonable time.’” Kaplan continues that what constitutes a “reasonable” period of time is an issue of fact that cannot be resolved on a motion for summary judgment. While Pilgrim concedes that the reasonableness of a seven-month delay in requesting an EUO might otherwise constitute a question of material fact, Pilgrim argues that Fonseca has waived his right to challenge the request for the EUO in this case by appearing for the EUO on January 26, 2004.
We review the allowance of a motion for summary judgment to determine “whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law.” Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991). The moving party “has the burden of initially showing that there is an absence of evidence to support the case of the nonmoving party shouldering the burden of proof at trial.” Kourouvacilis v. General Motors Corp., 410 Mass. 706, 714 (1991).
*15 The standard Massachusetts automobile insurance policy at issue here provides, ■ in relevant part: “After an accident or loss, you or anyone else covered under this policy must cooperate with us in the investigation, settlement and defense of any claim or lawsuit.... We may require you and any person seeking payment under any part of this policy to submit to an examination under oath at a place designated by us, within a reasonable time after we are notified of the claim.” In this regard, G.L.c. 90, §34M provides: “Noncooperation of an injured party shall be a defense to the insurer in any suit for benefits authorized by this section....”
In this case, the trial court correctly concluded that there were no genuine issues of material fact as to Fonseca’s failure to attend the continued EUO, and that his failure to appear did constitute a failure to cooperate under the terms of the policy. Without more, summary judgment would have been warranted. The parties agree that there are material facts in dispute as to the reasonableness of the seven-month delay in requesting the EUO. Neither the court’s determination nor the agreement of the parties is dispositive. Instead, the issue for us is whether Kaplan retains a right to challenge the reasonableness of the requested EUO in light of Fonseca’s noncooperation.
In the universe of insurance litigation, the doctrine of waiver has been applied more often to the conduct of insurers than it has to insureds. In determining whether an insurance company has waived rights provided for in an insurance policy, the insured must demonstrate “an actual intention to relinquish an existing right, with knowledge, either actual or constructive, of its existence, or such conduct as to warrant an inference of... intention to relinquish.” Rotundi v. Arbella Mut. Ins. Co., 54 Mass. App. Ct. 906, 907 (2002), quoting Alan Corp. v. International Surplus Lines Ins. Co., 823 F. Supp. 33, 42 (D. Mass. 1993). We see no reason to apply a different standard where it is the insured who is alleged to have waived rights relating to insurance coverage. There is nothing in the record to suggest that Fonseca intended to relinquish any rights by appearing for the EUO on January 26, 2004. Just the opposite appears; the only reason for Fonseca to appear was to further his claim for benefits. Fonseca attended the January 26 EUO for only two hours. If he had failed to cooperate, even to that extent, no claim of waiver could have been made. An insured who fails to cooperate completely should not be put in a better position than one who cooperates only partially. An insured should not be put in the position of having to choose between cooperation and a challenge to the reasonableness of an investigative request.
This Division considered the question of waiver in the context of PIP litigation in Knight v. CNA Ins. Co., 2003 Mass. App. Div. 198, wherein the issue was whether the insurer’s failure within ten days to issue written notice to the insured of the insurer’s refusal to pay medical bills relieved the insured of his obligation to attend or participate in an EUO. In Knight, the patient and his brother, also a claimant, had appeared at counsel’s office for both to be examined under oath. When the brother stated that he was leaving to get to his job, counsel for the insurer decided to postpone both examinations to another day when the brothers could be examined, one after another, on the same day. Subsequent efforts to reschedule the EUO, both by mail and *16 telephone, were unsuccessful, after which the insurer denied the claim due to the insured’s noncooperation. Id. at 199. Following Columbia Chiropractic Group, Inc. v. Trust Ins. Co., 430 Mass. 60 (1999), we concluded that a failure to comply with the ten-day rule did not constitute a waiver of the insurer’s right to require the insured to attend an EUO, and noted "the absence of a statutory directive” mandating a forfeiture or waiver of rights. Id. at 201.
Similarly, nothing in the statute provides for a waiver where the insured attends an EUO that may or may not have been noticed timely. Neither the policy nor applicable statutes provide guidance as to what constitutes “a reasonable time” for requesting an EUO. That determination is usually a question of fact, depending on an examination of “the nature of the contract, the probable intention of the parties, and the attendant circumstances.” Lorenzo-Martinez v. Safety Ins. Co., 58 Mass. App. Ct. 359, 364 (2003),
quoting Plymouth Port, Inc. v. Smith, 26 Mass. App. Ct. 572, 575 (1988).
We cannot rule, as a matter of law, that Fonseca waived his right to challenge the reasonableness of the requested EUO. Summary judgment for Pilgrim is vacated, the allowance of its Mass. R. Civ. P., Rule 56, motion is reversed, and the case is returned for trial.
So ordered.

 In bringing this action as a provider for direct PIP payment for services provided to Fonseca, Kaplan was subject to any defenses that could have been raised against Fonseca. Chiropractic Health Care Ctrs. v. Amica Mut. Ins. Co., 2003 Mass. App. Div. 130, 132.