Curran, Dennis J., J.
After a three-day trial, on July 2, 2014, the juiy returned a special verdict slip in which they determined that defendant Marchegay S.A.S. had acted fraudulently and determined, in an advisory capacity, that its conduct constituted an unfair or deceptive act or practice.[1] Despite these findings, the jury did not award damages to the plaintiff on either of the claims. The defendant Marchegay S.A.S. now moves pursuant to Mass.R.Civ.P. 49 and Mass.R.Civ.P. 54 and asks that this court enter judgment dismissing the fraud and Chapter 93A claims, or, alternatively, direct a verdict on both counts in the defendants’ favor. The plaintiff Wilson Farms has opposed this motion and submitted its own cross motion requesting payment of its attorneys fees under G.L.c. 93A, §11.
For the reasons that follow, defendant Marchegay S.A.S.’s Request for Entry of Judgment upon Special Verdict of the Jury and/or Judgment Notwithstanding the Verdict will be DENIED, the plaintiff Wilson Farms’ cross motion for hearing to award attorneys fees and costs will be ALLOWED, as to the request for a hearing on the matter.
I. Defendant Marchegay S.A.S.’s Request for Entry of Judgment Upon Special Verdict of the Jury and/or Judgment Notwithstanding the Verdict
A. The Fraud Claim
Marchegay argues, without citation to any case law, that the fraud claim cannot stand because there was no evidence of detrimental reliance on behalf of the plaintiff or Patriot Community Bank because the bank refused to honor Marchegay’s attempt to access the Letter of Credit. This argument ignores the efforts the plaintiff was forced to undertake as a result of Marchegay’s fraudulent act, including the request for a temporary restraining order that set this case in motion. Had the plaintiff not received thatrelief, thenitis certainly possible that the bank would have made payment under the Letter of Credit and the fraud at that juncture would have been crystal clear because, as Mr. Poissonnet conceded at trial, it was a “mistake” to request the full amount available under the Letter of Credit. The courtis satisfied that the jury reached the correct result on the fraud claim.
B. The Chapter 93A Claim
As discussed in more detail below, there are certain circumstances in which attorneys fees may form the basis of damages under section 11 of chapter 93A. See Columbia Chiropractic Group v. Trust Ins. Co., 430 Mass. 60, 63 (1999) (attorneys fees awarded as damages where unfair or deceptive conduct forced other party to incur litigation expenses); Siegel v. Berkshire Life Ins. Co., 64 Mass.App.Ct. 698, 703 (2005) (“Ifac. 93A violation forces someone to incur legal fees and expenses that are not simply those incurred in vindicating that person’s rights under the statute, those fees may be treated as actual damages in the same way as other losses of money or property”). Given this backdrop, the court will not dismiss this claim or direct a verdict in Marchegay’s favor. Whether the court actually awards the plaintiff Wilson Farms its attorneys fees is reserved for another day.
II. The Plaintiffs Cross Motion for Hearing to Award Attorneys Fees and Costs
Wilson Farms argues that, because the jury found that Marchegay had committed an unfair or deceptive act, it should be awarded its attorneys fees under G.L.c. 93A, §11. Marchegay counters that the court may not award attorneys fees on this count because the jury found that the plaintiff was not entitled to damages. The seminal case on the issue of whether a prevailing plaintiff, to whom no relief was given, can recover attorneys fees is Jet Line Servs., Inc. v. American Employers Ins. Co., 404 Mass. 706, 708-09 (1989). There, the court stated that “the reference [in G.L.c. 93A, §11] to an award ‘in addition to other relief indicates that relief solely in the form of attorneys’ fees may not be had.” Id. at 718. See also Lord v. Commercial Union Ins. Co., 60 Mass.App.Ct. 309, 324-25 (2004); G.L.c. 93A, §11 (stating that court shall award *244 attorneys fees “in addition to any other relief’). Despite this rather unequivocal statement, in Chapman v. Katz, 448 Mass. 519, 536-37 (2007), the Supreme Judicial Court, just three years later, in interpreting Jet Line, noted that a prevailing plaintiff could conceivably recover attorneys fees where they demonstrate “some adverse effect on [it], even if it is not quantifiable in dollars.” While there is no relevant appellate authority in which attorneys fees have been granted under this “adverse effect” requirement, the argument has been successfully employed in this court. See Masspower by Its Gen. Ptnrs. BG MP Ptnrs. I, LLC v. Mass. Man. Wholesale Elec. Co., 28 Mass. L. Rptr. 51, 2011 Mass.Super. LEXIS 20, 86-87 (Mass.Super.Ct. 2011) (Neel, J.) (allowing section 11 attorneys fees where prevailing party’s employees were forced to participate in depositions and testify at trial, thereby depriving business of substantial person hours).
As noted above, an alternative ground for the plaintiffs recoveiy of its attorneys fees also may exist under the principle that attorneys fees may be granted as damages in certain circumstances. See Columbia Chiropractic Group, 430 Mass. at 63. Given the fact that judgment has not yet issued in this case and that the court has reserved the chapter 93A claim, the possibility still exists for the court to award damages on the plaintiffs chapter 93A claim. The plaintiff has a colorable argument that, but for Marchegay’s fraudulent conduct, this entire lawsuit would have never gone forward. The initial filing in this case was simply a request for a temporary restraining order to stop the bank from distributing the funds to which Marchegay was not entitled. Compare Siegel v. Berkshire Life Ins. Co., 64 Mass.App.Ct. 698, 703 (2005) (attorneys fees as damages possible where prevailing party’s legal expenses were direct result of unfair and deceptive conduct), with Unger v. Lambert, 2010 Mass.App.Unpub. LEXIS 1019, 9-10 (Mass.App.Ct. Sept. 3, 2010) (prevailing party not entitled to attorneys fees where it was simply pursuing its own common-law claims).
Given these facts, the court will schedule a hearing at its earliest possible convenience to discuss these issues before a final judgment will issue. The court respectfully suggests that the parties be fully prepared to discuss both prospective avenues the court has outlined above.
ORDER
For these reasons, defendant Marchegay S.A.S.’s Request for Entry of Judgment Upon Special Verdict of the Jury and/or Judgment Notwithstanding the Verdict will be DENIED. The plaintiff Wilson Farms’ cross motion for hearing to award attorneys fees and costs will be ALLOWED, as to the request for a hearing on the matter.

The court had previously reserved the Chapter 93A claim for its own final determination.