NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

16-P-1647                                          Appeals Court

SANDRA MONTANEZ, personal representative,[1] vs.  178 LOWELL
STREET OPERATING COMPANY, LLC.[2]


No. 16-P-1647.

Middlesex.     November 1, 2017. - July 31, 2019.

Present:  Green, Rubin, & Hanlon, JJ.


Nursing Home.  Evidence, Medical record.  Consumer Protection
    Act, Medical service corporation, Unfair or deceptive act.
    Survival of Action.  Damages, Attorney's fees.  Practice,
    Civil, Consumer protection case, Survival of action.



    Civil action commenced in the Superior Court Department on
July 29, 2014.

    A motion to dismiss was heard by Maureen B. Hogan, J.; the
entry of judgment was ordered by her; and a motion for relief
from judgment was considered by her.


    Krzysztof G. Sobczak for the plaintiff.
    Joseph M. Desmond (Justin L. Amos also present) for the
defendant.


_____

    [1] Of the estate of Benita Sanchez.

    [2] Doing business as Lexington Healthcare Center.

RUBIN, J.  The plaintiff, Sandra Montanez, appeals from the judgment of dismissal of her G. L. c. 93A claim pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1979).  On appeal, we take the allegations in the complaint as true, drawing all reasonable inferences in favor of the plaintiff.  See Fairneny v. Savogran Co., 422 Mass. 469, 470 (1996).

On March 31, 2014, following the transfer of her mother, Benita Sanchez, from the Lexington Healthcare Center, a nursing home owned by the defendant (hereafter, nursing home or defendant) in which Sanchez had lived for approximately ten years, until August 2013, the plaintiff in her capacity as guardian for her mother sent a request to the nursing home for all her mother's medical records from January 1, 2013, forward. No records were received.  On May 15, 2014, through her counsel, she sent the nursing home a demand letter pursuant to G. L. c. 93A, § 9.  This letter was never answered.  On May 21, 2014, her counsel received a copy of the records, not certified as to their completeness.  The plaintiff inventoried the records, which appeared incomplete, and on June 27, 2014, her counsel sent another request, this time for a certified copy of the records.  On July 9, 2014, the request was answered by the nursing home's counsel, who stated that the records already sent were complete, apart from some inadvertently-omitted "interim physician's order sheets," which he included in this

correspondence. The plaintiff then sent a final request for a certified copy of the records on July 11, 2014.

After receiving no response to this last request, the plaintiff, on July 29, 2014, brought suit as her mother's guardian, seeking damages under G. L. c. 93A and an injunction ordering the nursing home to produce the complete records for copying and inspection. Immediately following service, the nursing home offered to allow the plaintiff to inspect and copy the records, and a judge denied the plaintiff's motion for a preliminary injunction. The plaintiff inspected the records at the nursing home's counsel's office, and discovered approximately twenty pages that had not previously been disclosed. The defendant filed a motion to dismiss the complaint, which was allowed by a different judge. The judge concluded that the complaint did not state a claim for a G. L. c. 93A violation, and that the claim for injunctive relief was moot.[3] The plaintiff now appeals.[4]

---

[3] The plaintiff does not challenge the dismissal of the claim for injunctive relief.

[4] In her memorandum of law in opposition to the defendant's motion to dismiss, the plaintiff requested, in the alternative, leave to amend her complaint so that she could state a claim. However, she made no formal motion. The judge initially did not address this request; she later denied it. Because we hold that the plaintiff stated a claim, we need not address this issue.

The plaintiff's mother died while the defendant's motion to dismiss was under advisement. We must at the outset therefore address whether the cause of action survives the death of the plaintiff's mother. At least those claims under c. 93A that are "contractual in nature" survive death. See Kraft Power Corp. v. Merrill, 464 Mass. 145, 157 (2013) (holding this, and reserving question about survival of c. 93A claims that are not contractual in nature). The regulations whose violation is alleged to form the basis of the c. 93A claim, discussed below, are applicable here solely because of the contractual relationship between the plaintiff's mother and the nursing home and its medical personnel. Consequently, we think the question is controlled by Gasior v. Massachusetts Gen. Hosp., 446 Mass. 645, 650-651 (2006), in which the Supreme Judicial Court concluded that a claim under G. L. c. 151B survived death "because the employment relationship could be viewed as a contract, and the invidious discrimination prohibited by G. L. c. 151B was an implied term of that contractual relationship." Kraft Power Corp., supra at 156-157. In much the same way, the requirements of the regulations upon which the plaintiff relies can be viewed as derivative of her mother's contractual relationship with the nursing home and its health care personnel. Consequently, the claim survives.

As to the standing of the plaintiff, we note initially that, because the mother's estate had no personal representative when judgment entered, the notice of appeal was properly filed by the plaintiff's attorney of record.  See Mass. R. A. P. 30 (a), as amended, 378 Mass. 925 (1979).  However, as the estate lacked a personal representative, the plaintiff at that time lacked authority to pursue the appeal.  See Turner v. Minasian, 358 Mass. 425, 427 (1970).  Therefore, after argument, when the question of the claim's survival was first raised, we stayed the appeal pending the appointment of a personal representative of the mother's estate.  The plaintiff was appointed personal representative of the estate on December 28, 2018, and subsequently filed a motion to substitute parties, Mass. R. A. P. 30 (a), which we allowed.  The plaintiff therefore has standing to pursue the appeal in her capacity as personal representative of her mother's estate.

As to the merits, this is not a malpractice claim, so it falls into the category of "entrepreneurial and business aspects of providing medical services" that is actionable under G. L. c. 93A.  Darviris v. Petros, 442 Mass. 274, 279 (2004).  The defendant is correct that the violation of a regulation does not automatically give rise to a c. 93A violation.  See id. at 281-284.  Instead, the question is whether the defendant committed an unfair or deceptive act or practice in the conduct of trade

or commerce, whether the plaintiff was injured, and whether the defendant's unfair or deceptive act or practice caused the plaintiff's injury. See Herman v. Admit One Ticket Agency LLC, 454 Mass. 611, 615-616 (2009). Still, assuming that the facts in the complaint are true, and drawing all reasonable inferences in favor of the plaintiff, the defendant's repeated omission of documents from its disclosures to the plaintiff, its failure to produce complete records for approximately four months, and its offer to allow the plaintiff to inspect and copy its records only (and immediately) after litigation commenced, constitute violations of Federal regulations in ways that qualify as unfair or deceptive. Our conclusion is guided by the self-evident importance of the availability of medical records to consumers.

Title 45 C.F.R. § 164.524(b)(2)(i) (2014) requires a covered entity -- and the defendant does not suggest the nursing home is not covered -- to grant, or deny with written reasons, a request by any individual for access to medical records it maintains about the individual "no later than 30 days after receipt of the request." In failing to provide complete records during that time, and in providing them only after the plaintiff filed a lawsuit several months after the deadline expired, the defendant did neither. Title 45 C.F.R. § 164.524(b)(2)(ii) (2014) allows a covered entity to get a single thirty-day extension, but only if it gives the patient a written statement

containing the reason for the delay and an estimated production date, which was not done here. Even if the defendant here had provided the plaintiff with the requisite statement for the delay, its response still would have been about two months late.

The plaintiff argues that the defendant violated various other regulations that, unlike those cited above, apply by their terms to "residents" of long-term care facilities. The defendant argues that these regulations do not apply to former residents, like the plaintiff's mother. Since we conclude that the complaint alleges violations of § 164.524(b)(2)(i) that suffice to describe a c. 93A claim, even were the defendant correct, something we need not and do not decide, reversal would be required.

Finally, the defendant argues that there was no injury alleged here. The plaintiff points to the legal fees involved in her attempt to obtain the records. The defendant responds that legal fees are not cognizable as an injury flowing from an alleged violation of c. 93A. But as we have explained, "If a c. 93A violation forces someone to incur legal fees and expenses that are not simply those incurred in vindicating that person's rights under the statute, those fees may be treated as actual damages in the same way as other losses of money or property." McLaughlin v. American States Ins. Co., 90 Mass. App. Ct. 22, 33

(2016), quoting <u>Siegel</u> v. <u>Berkshire Life Ins. Co</u>., 64 Mass. App. Ct. 698, 703 (2005).

The attachments to the complaint include the letter dated June 27, 2014, sent by the plaintiff's counsel in response to the apparent provision of incomplete records by the defendant. This letter seeks provision of all the plaintiff's mother's records on the basis of Federal regulations. It sought to vindicate her rights under those regulations, not G. L. c. 93A. Likewise, the complaint includes a free-standing count for injunctive relief. That, too, seeks to vindicate the plaintiff's underlying rights rather than her rights under c. 93A. Should the plaintiff prevail, the legal fees incurred in the preparation of both the letter and the aspect of this case that does not depend on success under c. 93A would amount to actual damages incurred as a result of the defendant's failure timely to provide the records at issue. Costs like these incurred as a result of the underlying violative conduct are recoverable as damages. See <u>McLaughlin</u>, 90 Mass. App. Ct. at 33, citing <u>Rivera</u> v. <u>Commerce Ins. Co.</u>, 84 Mass. App. Ct. 146, 149 (2013)). See also <u>Columbia Chiropractic Group, Inc</u>. v. <u>Trust Ins. Co</u>., 430 Mass. 60, 63 (1999) ("counsel fees and expenses and expert witness expenses" in litigation that was result of plaintiff's false and deceptive act or practice properly treated "as damages" in c. 93A action brought as

counterclaim).  They are not "simply those [fees] incurred in vindicating [the plaintiff's] rights under" c. 93A.  McLaughlin, supra.  The judgment is reversed.

So ordered.